UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVID JOACHAIN** | : | **CIVIL ACTION NO. 21-cv-00856** |
| **VERSUS** | : | **CHIEF JUDGE TERRY A. DOUGHTY** |
| **M-I, L.L.C., d/b/a M-I SWACO, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the **RECOMMENDATION**, issued *sua sponte*, that this matter be **DISMISSED WITH PREJUDICE** for plaintiff's failure to prosecute and failure to follow the rules and orders of this court.

**I.
BACKGROUND**

This suit was filed in the 38th Judicial District Court, Cameron Parish, Louisiana, on behalf of plaintiff who was represented by counsel. Plaintiff claimed that defendants, M-I, L.L.C. and Schlumberger Technology Corporation ("STC"), were liable to him for injuries allegedly suffered after cutting a pipe. Doc. 1, att. 1. Defendants removed the action to this court pursuant to diversity jurisdiction. Doc. 1. Plaintiff subsequently amended the petition to name as additional defendants Nexeo Solutions, LLC, Univar Solutions USA Inc., and Dynasty Environmental & Construction Group LLC. Docs. 13, 45. As of the writing of this Report and Recommendation, no summons has been served upon defendant Dynasty. A bench trial scheduling order was issued June 2, 2022. Doc. 36.

Counsel for plaintiff subsequently moved to withdraw. Doc. 39. Following a telephone conference with all counsel, the motion was set for telephonic hearing for August 4, 2022. Doc. 41. The order setting the hearing instructed counsel seeking to withdraw to secure the participation of plaintiff in that proceeding.

Hearing was held and, as shown by the minutes of the hearing, in which plaintiff personally participated, plaintiff was instructed as follows:

> It was explained to plaintiff that, once his attorney is allowed to withdraw, he will be representing himself. It is plaintiff's responsibility to be certain that all counsel and the clerk of court have current contact information for him. Further, it is his responsibility to be certain that he follows all court orders, local rules, and rules of procedure, including participation in any court proceeding for which he is noticed to appear and participate. Neither opposing counsel, chambers, nor the clerk of court can give plaintiff legal advice. Plaintiff is cautioned that his failure to participate appropriately in any court proceeding or failure to follow court orders, local rules, and rules of procedure could result in his being sanction[ed] by the court, which sanctions could include dismissal of his complaint.

Doc. 42. Plaintiff stated affirmatively to the court that he understood these instructions, and counsel was allowed to withdraw.

Plaintiff has failed to follow the instructions explicitly given to him by the court. According to defendants, as asserted in a Motion to Compel Discovery and Enforce Scheduling Order [doc. 48], a motion to which plaintiff has failed to reply, plaintiff has failed to timely deliver to defendants (1) his witness list, (2) his expert witness list, and (3) his expert reports as required by our scheduling order. *Id*, att. 1, p. 4. Additionally, plaintiff has failed to provide medical record authorization forms his former attorney previously agreed to provide in response to M-I and STC's interrogatories. *Id.* at p. 2. Furthermore, plaintiff has failed to respond to requests for admission from defendants M-I and STC and to interrogatories and requests for production from defendant Univar. *Id.* at p. 3.

We set an in-person hearing on defendants' motion for November 29, 2022, at 10:00 a.m. The text of the unnumbered electronic order setting the hearing cautioned plaintiff that "his failure to appear as ordered [would] constitute a failure to follow court orders that could lead to our issuance of a report and recommendation that the district court issue sanctions, which sanctions could include dismissal of his complaint." Plaintiff failed to appear in court on the specified date and time.

## II.
## LAW & ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

We have warned plaintiff twice already that "his failure to participate appropriately in any court proceeding or failure to follow court orders, local rules, and rules of procedure could result in his being sanction[ed] by the court, which sanctions could include dismissal of his complaint." *E.g.*, doc. 42. As detailed above, plaintiff has failed to participate in the prosecution of this case. He has failed to respond to discovery requests from the defendants and failed to comply with deadlines set out by this court in the scheduling order. Plaintiff has provided no explanation for these delays. The Federal Rules of Civil Procedure require the responding party to answer interrogatories and requests for production within thirty days of being served with them. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A). Furthermore, both the Federal Rules and this court's scheduling order require the parties to disclose their witnesses, expert witnesses, and expert witness reports.

*See* FED. R. CIV. P. 26(a)(2)–(3); doc. 36. Additionally, plaintiff did not appear at the motion hearing, despite our warning about the consequences of non-appearance. All of this taken together indicates that plaintiff is not prosecuting his claim as he should. Therefore, the court finds that plaintiff has caused undue delays in the prosecution of this case and has furthermore failed to comply with orders of this court.

### III.
### CONCLUSION

It is for this reason that we **RECOMMEND** to this district court that it exercise its sanctioning authority and that this matter be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE